IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01174-BNB

TIMOTHY S. TUTTAMORE,

Plaintiff,

v.

B.O.P. DIRECTOR LAPPIN, Official Capacity,
REGIONAL DIRECTOR NALLEY, Official and Individual Capacity,
SIS SMITH, Individual Capacity,
MRS. LA RIVIA Individual Capacity,
DHO RAMIREZ, Individual Capacity, and
UNKNOWN SIS OFFICIAL, Official Individual Capacity,

Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 1 7 2010

GREGORY C. LANGHAM
CLERK

---

## ORDER TO FILE SECOND AND FINAL AMENDED COMPLAINT

---

Plaintiff, Timothy S. Tuttamore, is a prisoner in the custody of the United States

Bureau of Prisons (BOP) who currently is incarcerated at the United States

Penitentiary, Administrative Maximum, in Florence, Colorado. He initiated this action on

May 20, 2010, by filing *pro se* a twenty-seven page "'Verified' Prisoner Complaint"

(document no. 3) concerning his disciplinary convictions on charges of corresponding

with co-inmate Joseph Bradshaw and possession of a weapon, as well as the alleged

harassment and retaliation to which he has been subjected by BOP officials.

On June 17, 2010, he submitted a motion titled "Tuttamore's motion to

Add/Adopt habeas corpus declaration into his exhibit's [sic] for civil action #10-cv-

01174-BNB pg. 1-24" (document no. 16), a twenty-four page document concerning his

disciplinary conviction on charges of possession of a weapon. Also on June 17, he filed

a document titled "A Declaration of facts found upon Tuttamore Civil Action #10-cv-01174-BNB pg. 1-14" (document no. 17), a fifteen-page document concerning his correspondence with co-inmate Mr. Bradshaw. On June 30, 2010, he filed a motion for leave to file an amended complaint (document no. 21) and a thirty-page "Amended 'Verified' Prisoner Complaint" (document 22), in which he alleges prison officials have harassed and retaliated against him for filing another lawsuit currently pending in this Court, *see Bradshaw v. Lappin*, 07-cv-02422-MSK-BNB (D. Colo. filed Nov. 19, 2007); complains about the procedure at a disciplinary hearing; and contends the defendants conspired to charge him with disciplinary violations. On July 14, 2010, Mr. Tuttamore filed a motion titled "Tuttamore's motion to Add/Adopt habeas corpus amended application and exhibits packet A-K into his exhibits for civil Action #10-cv-01174-BNP [sic] Pg. 1-30" (document no. 26), together with a thirty-page copy of an amended application pursuant to 28 U.S.C. § 2241 and attachments that he filed in *Tuttamore v. Davise*, No. 10-cv-01142-BNB (D. Colo. filed July 14, 2010). On July 20, 2010, Mr. Tuttamore filed a motion titled "Tuttamore's Motion to Add Attorney Responces [sic] to Doc. 11" (document number 27). Document number 11 is the motion for appointment of counsel that the Court denied by minute order (document no. 24) as premature on July 6, 2010.

The Court must construe Mr. Tuttamore's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated

below, Mr. Tuttamore will be directed to file a second and final amended complaint.

The Court has reviewed Mr. Tuttamore's amended complaint and finds that the amended complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Tuttamore asserts jurisdiction pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), among other statutes, but he fails to allege which claims are asserted pursuant to which statute. To the extent Mr. Tuttamore is asserting claims pursuant to federal criminal statutes, he lacks standing to

do so because private citizens cannot prosecute criminal actions. *See, e.g., Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir.1989) (per curiam); *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir.1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints."); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo.1991) ("Private citizens generally have no standing to institute federal criminal proceedings.").

Mr. Tuttamore's claims are verbose and confusing. He sets forth an extended and unnecessary discussion of often insignificant details and legal argument in support of his claims rather than providing "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

In addition, he supplements the amended complaint with additional information contained in separate documents, characterized as declarations or motions and, as a result, creates a morass of allegations he apparently expects the Court and the defendants to piece together. That is neither the defendants' responsibility nor a judicial function.

Mr. Tuttamore fails to understand that it is his responsibility to present his claims in a manageable format that allows the Court and the defendants know what claims are being asserted and to be able to respond to those claims. Mr. Tuttamore must allege,

4

simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated her rights. The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). In the second and final amended complaint Mr. Tuttamore will be ordered to file, he is directed to assert his individual claims in a manageable format in one concise document, without repeatedly supplementing that document with additional filings.

Also in the second and final amended complaint, Mr. Tuttamore must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Tuttamore must name and show how the named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Tuttamore may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Tuttamore uses fictitious names he must provide sufficient information about each

defendant so that he or she can be identified for purposes of service.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended complaint does not meet the requirements of Fed. R. Civ. P. 8. Mr. Tuttamore will be given a final opportunity to cure the deficiencies in his amended complaint by submitting a second and final amended complaint that states his claims clearly and concisely in compliance with Fed. R. Civ. P. 8, names only proper parties, and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that the motion for leave to file an amended complaint (document no. 21) filed on June 30, 2010, is granted. It is

FURTHER ORDERED that Plaintiff, Timothy S. Tuttamore, **within thirty (30) days from the date of this order**, file a second and final amended complaint that complies with this order and with the pleading requirements of Fed. R. Civ. P. 8(a) as discussed in this order. It is

FURTHER ORDERED that the second and final amended complaint shall be titled "Second and Final Amended Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Tuttamore, together with a copy of this order, two copies of the following form to be used in submitting the

second and final amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Tuttamore fails to file a second and final amended complaint that complies with this order within the time allowed, the amended complaint and the action will be dismissed without further notice. It is

FURTHER ORDERED that the motion titled "Tuttamore's motion to Add/Adopt habeas corpus declaration into his exhibit's [sic] for civil action #10-cv-01174-BNB pg. 1-24" (document no. 16), filed on June 17, 2010, is denied. It is

FURTHER ORDERED that the motion titled "Tuttamore's motion to Add/Adopt habeas corpus amended application and exhibits packet A-K into his exhibits for civil Action #10-cv-01174-BNP [sic] Pg. 1-30" (document no. 26) filed on July 14, 2010, is denied. It is

FURTHER ORDERED that the motion titled "Tuttamore's Motion to Add Attorney Responces [sic] to Doc. 11" (document number 27) filed on July 20, 2010, is denied as moot.

DATED August 17, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01174-BNB

Timothy Tuttamore
Reg. No. 43018-060
ADX – Florence
PO Box 8500
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER and two copies of the
Prisoner Complaint form** to the above-named individuals on ___8/17/10___

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk