IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01174-BNB

TIMOTHY S. TUTTAMORE,

    Plaintiff,

v.

BOP DIRECTOR LAPPIN (official capacity),
REGIONAL DIRECTOR NALLEY (official and individual capacity),
WARDEN BLAKE DAVIS (official and individual capacity),
SIS SMITH (individual capacity),
DHO RAMIREZ (individual capacity),
MRS. LARIVIA (individual capacity),
MRS. RANGEL (individual capacity),
MR. RICHARD MADISON (individual capacity),
UNKNOWN SIS OFFICIAL (individual capacity), and
UNKNOWN ADX CHAPL[A]IN'S DEPT. SUPERVISOR,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV -4 2010

GREGORY C. LANGHAM
CLERK

---

ORDER OF DISMISSAL

---

Plaintiff, Timothy S. Tuttamore, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. On May 20, 2010, Mr. Tuttamore filed *pro se* a civil rights complaint pursuant to ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971), and 42 U.S.C. § 1997(d). On June 30, 2010, he filed an amended complaint pursuant to ***Bivens*** and various civil and criminal statutes. On July 6, 2010, he was granted leave to proceed pursuant to 28 U.S.C. § 1915.

On August 17, 2010, Magistrate Judge Boyd N. Boland ordered Mr. Tuttamore to file within thirty days a second and final amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, alleged which claims were asserted pursuant to which statute, and alleged the personal participation of each named Defendant. On September 2, 2010, Mr. Tuttamore filed a second and final amended complaint pursuant to *Bivens*; 42 U.S.C. §§ 1997(d), 1985, 1986, and 2000; and 5 U.S.C. § 551.

The Court must construe Mr. Tuttamore's filings liberally because he is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the second and final amended complaint will be dismissed.

Mr. Tuttamore's second and final amended complaint totals 55 pages, 30 pages of which are comprised of 94 numbered paragraphs devoted to a discussion of the nature of the case and 25 pages of which are comprised of the 15 asserted claims and request for relief. In addition, Mr. Tuttamore has submitted 74 exhibits totaling 72 pages. The asserted claims appear to concern his disciplinary convictions on charges of corresponding with another inmate, Joseph Bradshaw, and possession of a weapon, i.e., a razorblade allegedly attached by a magnet to the intercom in his cell; the alleged harassment and retaliation to which he has been subjected by BOP officials; and the inability to practice his religion. The asserted claims and the supporting paragraphs in the discussion of the nature of the case are:

1. Injunction for state placement and transfer to the Ohio state prison system pursuant to BOP Policy No. 5140.35. Paragraphs 1-85.

2. Injunction for Plaintiff's ability to receive a set of runes to practice properly his religious beliefs. Paragraphs 86-89.

3. Defendant SIS Smith subjected Plaintiff to harassment and/or retaliation in violation of the First Amendment and 42 U.S.C. § 1997(d). Paragraphs 1-65.

4. Defendant LaRivia subjected Plaintiff to harassment and/or retaliation in violation of the First Amendment and 42 U.S.C. § 1997(d). Paragraphs 1-65.

5. Defendant DHO Ramirez subjected Plaintiff to harassment and/or retaliation in violation of the First Amendment. Paragraphs 1-65.

6. Defendant DHO Ramirez subjected Plaintiff to the denial of due process in violation of the Fifth Amendment and 5 U.S.C. § 551. Paragraphs 1-65.

7. Defendant unknown SIS official subjected Plaintiff to harassment and/or retaliation in violation of the First Amendment and 42 U.S.C. § 1997(d). Paragraphs 1-65.

8. Defendant unknown SIS official subjected Plaintiff to the denial of due process in violation of the Fifth Amendment and 5 U.S.C. § 551. Paragraphs 1-65.

9. Defendant Nalley subjected Plaintiff to the denial of due process in violation of the Fifth Amendment and 5 U.S.C. § 551. Paragraphs 1-65.

10. Defendants Nalley, Smith, LaRivia, Ramirez, and unknown SIS official subjected Plaintiff to their conspiracy to violate his First and Fifth amendment rights and to violate 5 U.S.C. § 551 and 42 U.S.C. §§ 1985, 1986, and 1997(d). Paragraphs 1-65.

11. Defendant Madison subjected Plaintiff to harassment and/or retaliation in violation of the First Amendment and 42 U.S.C. § 1997(d). Paragraphs 66-83.

12. Defendant Rangel subjected Plaintiff to harassment and/or retaliation by the failure to act in violation of the First Amendment and 42 U.S.C. § 1997(d). Paragraphs 66-83.

13. Defendant Davis subjected Plaintiff to harassment and/or retaliation by the failure to act in violation of the First Amendment and 42 U.S.C. § 1997(d). Paragraphs 66-83.

14. Defendants Lappin, Nalley, and Davis subjected Plaintiff's safety to continuous harassment and/or retaliatory conduct by refusing to provide a transfer pursuant to BOP Policy No. 5140.35 and violated his First Amendment rights. Paragraphs 1-85.

15. Defendants Davis and unknown ADX chaplain's supervisor denied Plaintiff the ability to practice his religion properly and/or treated him in a manner unequal to other ADX inmates in violation of the plaintiff's First, Fifth, and Fourteen Amendment rights and 42 U.S.C. § 2000. Paragraphs 86-89.

The asserted claims are conclusory and confusing. Eight of the claims (claims 3, 4, 5, 6, 7, and 8) are based on paragraphs 1-65. Three claims (claims 11, 12, and 13) are based on paragraphs 66-83. Two claims (claims 1 and 14) are based on paragraphs 1-85. Two claims (claims 2 and 15) are based on paragraphs 86-89. Claims 2 and 15 appear to be repetitive.

Paragraphs 1-89 provide a chronological recitation of allegations Mr. Tuttamore expects the Court and Defendants to piece together with his claims. That is neither a judicial function nor is it the responsibility of Defendants. As Magistrate Judge Boland informed Mr. Tuttamore in the August 17 order for a second and final amended complaint, it is Mr. Tuttamore's responsibility to present his claims in a manageable format that allows the Court and Defendants to know what claims are being asserted

and to be able to respond to those claims. Paragraphs 90-94 allege a conspiracy based on all the allegations in paragraphs 1-85.

According to the Court's review, not all paragraphs Mr. Tuttamore designates as applicable to a claim clearly apply. For example, Mr. Tuttamore is suing Mr. Ramirez, a disciplinary hearing officer, in both claims 5 and 6, which allege harassment and/or retaliation and due process claims respectively. Both claims 5 and 6 reference paragraphs 1-65. However, only paragraphs 34 through 38 appear to be relevant to Mr. Ramirez, and the Court simply is unable to determine which of those paragraphs support claim 5 and which support claim 6, or the reasons Mr. Tuttamore references the remaining paragraphs in 1-65 as relevant to Mr. Ramirez. In addition, Mr. Tuttamore discusses and repeats in unnecessary detail throughout the second and final amended complaint the allegations concerning discovery of the razorblade in his cell.

Mr. Tuttamore's second and final amended complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. In the August 17 order for an amended complaint, Magistrate Judge Boland clearly explained that the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). Magistrate Judge Boland also explained that the requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Magistrate Judge Boland specifically noted Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." He further noted that the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."

He pointed out that, taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. He further pointed out that prolix, vague, or unintelligible pleadings violate the requirements of Rule 8, and that, in order for Mr. Tuttamore to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Tuttamore's second and final amended complaint fails to set forth a short and plain statement of his claims showing that he is entitled to relief. The September 2 amended complaint is verbose and repetitive, and Mr. Tuttamore sets forth an extended and nonessential discussion of often insignificant details in support of his claims rather than providing "a generalized statement of the facts from which the defendant may form a responsive pleading." ***New Home Appliance Ctr., Inc., v. Thompson***, 250 F.2d 881, 883 (10th Cir. 1957). As Magistrate Judge Boland instructed in the August 17 order for an amended complaint, for the purposes of Rule 8(a), "[i]t is sufficient, and indeed all

that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

As a result, the Court finds that the September 2 second and final amended complaint is unnecessarily verbose and is confusing. It fails to comply with the pleading requirements of Rule 8. A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. **See Atkins v. Northwest Airlines, Inc.**, 967 F.2d 1197, 1203 (8th Cir. 1992); **Gillibeau v. City of Richmond**, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the September 2 amended complaint does not meet the requirements of Fed. R. Civ. P. 8, and must be dismissed. Accordingly, it is

ORDERED that the September 2, 2010, second and final amended complaint and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Timothy S. Tuttamore, to comply with the pleading requirements of Fed. R. Civ. P. 8 and with the directives of the August 17, 2010, order for a second and final amended complaint. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this <u>3rd</u> day of <u>November</u>, 2010.

BY THE COURT:

_____
ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01174-BNB

Timothy Tuttamore
Reg. No. 43018-060
ADX – Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 11/4/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk